(Hamilton County, Common Pleas Court.)
January, 1897.

ANDREW et al. v. SETTLE et al.

Mere silence or forbearance on the part of the property owner will not estop him from resisting by all legal and equitable remedies an assessment for an improvement made by the municipal officers under an unconstitutional legislative act or made without authority of law.

BUCHWALTER, J.

To the plaintiff's petition for injunction against the sidewalk assessment, the defendants, the officers of the township enforcing the assessment, by answer claim that the plaintiffs are estopped because they stood by in silence, knowing of the improvement and of its benefits to their property; but no claim is made that the plaintiffs did anything to induce the defendants to make the improvement. The plaintiffs demur to this answer.

While the property owner may, by inducing the officers of the law, as by petition or otherwise, to make the improvement, estop himself to make defense against an assessment on the ground that the municipal officers had no power, as proceeding under an unconstitutional legislative act, and by mere silence may be estopped to make defense against an assessment as to the *value* of the improvement made under a valid law, but by contract irregularly, negligently or fraudulently executed; yet mere silence or forbearance on the part of the property owner will not estop him from resisting by all legal and equitable remedies an assessment for an improvement made by the municipal officers under an unconstitutional legislative act, or made without authority of law. Schuman v. Seymour, 24 N. J., Eq., 143; see, also, Counterman v. Dublin township, 38 Ohio St., 521.

A number of cases in Indiana hold contra, but are founded on a strict stipulation of the municipal charter act, providing that if the property owner denies the power to contract and does not bring his action to enjoin the improvement before the performance of the contract, he shall be estopped to defend against the assessment on that ground. See Palmer v. Stumph, 29 Ind., 329. But such legislative limitation is a recognition of the rule of judgment above stated.

Coppock, Hammel & Coppock, for plaintiffs.

J. I. DeMar, for defendants.